DIVERSIFIED COMMUNICATIONS, INC., APPELLEE, *v.* WYANDOT INDUSTRIES, INC., APPELLANT.

(No. 5-83-28—Decided May 21, 1984.)

*Mr. George L. Kentris,* for appellee.
*Mr. Linden J. Beck,* for appellant.

GUERNSEY, J. This is an appeal by the defendant, Wyandot Industries,

Inc., from a judgment of the Findlay Municipal Court for $7,750 in favor of the plaintiff, Diversified Communications, Inc., on a check in that amount drawn by the defendant and made payable to the plaintiff.

It is undisputed in evidence that pursuant to a purchase and sale agreement the plaintiff had, on August 29, 1980, entered into a land contract with John and Karen S. Salsbury, husband and wife, providing for the installment purchase by the Salsburys from the plaintiff of a tract of land described in that agreement, and that the check in question was delivered on that date to the plaintiff as the down payment provided in the land contract. John Salsbury was the son-in-law and Karen S. Salsbury was the daughter of Glen VanHorn who was majority shareholder in, and chief executive officer of, defendant corporation, and who testified that the check "was a loan to Mr. Salsbury for the ten percent that he had asked for to make the down payment on the contract." The evidence does not show that defendant corporation had any other interest in the transaction.

Several days after the closing documents had been executed and the check delivered and deposited, but before it had cleared, VanHorn had second thoughts as to whether the transaction would be beneficial to his son-in-law and daughter and stopped payment on the check. Plaintiff corporation began a specific performance action against the Salsburys which was frustrated by their declaration of bankruptcy. Title to the premises involved remains with the plaintiff.

In its answer to plaintiff's complaint defendant pleads failure of consideration. In his opinion supporting the judgment the trial judge determined the plaintiff to be a holder in due course which took the instrument for value under the provisions of R.C. 1303.32,

and expressed the view that the issue of consideration flowing from plaintiff to defendant seems immaterial in view of the provisions of R.C. 1303.32(B).

The appellant assigns error of the trial court (1) in holding that consideration flowed between the plaintiff and the defendant when the record clearly demonstrates that defendant received nothing from nor had any relationship with the land contract in which plaintiff was the vendor and when plaintiff lost no use of or benefits from the land involved, and (2) in allowing plaintiff to recover the full face amount of defendant's check when the actual damage sustained by plaintiff is less than the amount of the check and when no facts or allegations were produced that would support a finding of punitive damages.

R.C. 1303.31 prescribes among other things:

"(A) A holder in due course is a holder who takes the instrument:

"(1) for value; and

"(2) in good faith; and

"(3) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

"(B) A payee may be a holder in due course."

R.C. 1303.32 prescribes among other things:

"A holder takes the instrument for value:

"* * *

"(C) when he gives a negotiable instrument for it or makes an irrevocable commitment to a third person."

It should be first observed that to the extent that there are no defenses to or claims against the check it is immaterial whether the plaintiff is merely a holder or a holder in due course. 40 Ohio Jurisprudence 2d (1967) 362, Negotiable Instruments, Section 302.

The only defense that the defendant asserts in this appeal is lack of con-

sideration flowing from the plaintiff to the defendant. There is no claim by the defendant corporation that the check constituted an *ultra vires* act, or that any acts of VanHorn, the defendant's chief executive officer and majority shareholder, were unauthorized by the corporation.

To the extent that consideration from plaintiff to defendant was necessary, if at all, applying a familiar general proposition, the consideration may consist of a benefit to the defendant or of a detriment to the plaintiff. 40 Ohio Jurisprudence 2d, *supra,* at 222, Section 172, and authorities therein cited. Each prong of this two-prong concept of consideration was satisfied here, the defendant corporation being benefited because the plaintiff was extending contractual credit to Salsbury and wife based on receipt of the down payment represented by the check given and delivered for that specific purpose, and, on the other hand, there was detriment to the plaintiff, for the delivery of the check bound the plaintiff to its promises contained in the purchase contract.

On the other hand, under R.C. 1303.31, the plaintiff could be a holder in due course. The payee has been held to be a holder in due course in a variety of factual situations, usually involving a taking by the payee, as here, not directly from the maker, whose obligation is at issue, but from a remitter or intermediary. 40 Ohio Jurisprudence 2d, *supra,* at 408, Section 335. Defendant, through VanHorn, claims it had nothing to do with the basic land sale transaction and merely provided its check as a loan to VanHorn's son-in-law. This view by defendant serves to buttress the fact that plaintiff did not deal with the defendant and the plaintiff is thus insulated from charges of bad faith, want or failure of consideration, or notice. Having made an irrevocable commitment to the Salsburys, plaintiff became a holder for value and, no other fact appearing to prevent such, thus became a holder in due course. R.C. 1303.32 and 1303.31. Want of consideration is not a defense against a holder in due course. 40 Ohio Jurisprudence 2d, *supra,* at 598, Section 467. R.C. 1303.35.

Accordingly, on any theory supported by the facts in evidence, the first assignment of error is found without merit.

As to the second assignment of error relating to damages, ordinarily recovery by a bona fide purchaser is in the amount of the instrument with interest, although there are certain exceptions thereto. 40 Ohio Jurisprudence 2d, *supra,* at 338, Section 282. Here, we find no exceptions applicable. The defendant claims that the plaintiff was damaged in less than the amount of the check, and so far as the record is concerned there is no evidence of any outlay by the plaintiff in excess thereof. However, neither does it appear that the damages incurred by the plaintiff because of the Salsburys' breach of the contract of purchase have ever been liquidated. Defendant has not affirmatively proved its second assignment of error and we find it likewise without merit.

*Judgment affirmed.*

MILLER, P.J., and COLE, J., concur.